United States District Court
Southern District of Texas
Filed
JUN 29 2005
Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| HECTOR MANUEL PALACIOS | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. M-05-041 |
| | § | |
| HOME DEPOT U.S.A. INC. | § | |
| DEFENDANT | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, *HECTOR MANUEL PALACIOS,* (hereinafter called *"PLAINTIFF"*), complaining of **HOME DEPOT U.S.A. INC.**, (hereinafter referred to as *"HOME DEPOT" or "DEFENDANT"*), for cause of action would respectfully show the Court as follows:

### I. PARTIES

*PLAINTIFF* is a resident of Hidalgo County, Texas.

*DEFENDANT, HOME DEPOT,* has been served with Citation and a copy of *Plaintiff's Original Petition* has filed an answer and its before the Court for all purposes.

### II. JURISDICTION AND VENUE

The court has been removed to Federal Court under under 28 U.S.C.§ 1332 as it is a civil action wholly between citizens of different states, and the amount in controversy is in excess of the Court's jurisdictional minimum for diversity cases.

### III. SUMMARY OF FACTS

On or about December 21, 2003, *Plaintiff* went to the store owned by *Defendant Home Depot* located at 801 Trenton Road, McAllen, Texas. *Plaintiff* stopped to pick up home furnishings with his wife. *Plaintiff* had gone to the bathroom and was getting ready to walk out and meet his wife back in line. All of a sudden and unexpectedly *Plaintiff* slipped as he stepped on a liquid substance that was found on the floor. There were no cones or caution signs in the area where *Plaintiff* fell. In addition, the floor in the area was uneven, and such

1

faulty design contributed to the fall. *Plaintiff* sought medical attention for his injuries. Such slip and fall and the resulting impact caused *Plaintiff* to suffer personal injuries, permanent impairment, and future medical expenses.

### IV. CAUSE OF ACTION:
### A. NEGLIGENCE

At the time of the accident made the basis of these claims, *Defendant Home Depot*, owed a legal duty to Plaintiff of maintaining the premises in a safe condition. *Defendant Home Depot*, breached its duty when:

- A. *Defendant Home Depot* failed to warn *Plaintiff* of the dangerous area where the water was not noticeable so that *Plaintiff* could go around the area;
- B. *Defendant Home Depot* failed to give adequate and comprehensive warnings to *Plaintiff* by placing caution cones where the water was not noticeable;
- C. *Defendant Home Depot* failed to properly maintain and discover the dangerous area by placing caution cones and visually inspecting where the water was not noticeable;
- D. *Defendant Home Depot* failed to exercise reasonable care to reduce or eliminate the risk that existed on *Defendant Home Depot's* premises by inspecting the area and placing caution cones where the water was not noticeable;
- F. *Defendant Home Depot* failed to properly inspect the area of the floor which the water was on the floor; and
- G. *Defendant Home Depot* failed to maintain a proper procedure at its store wherein the *Defendant Home Depot's* employees were instructed to make periodic inspections of the store's floor to prevent the creation or existence of an unreasonably dangerous condition.
- H. *Defendant Home Depot* failed to detect and/or correct, and negligently approved the uneven surface which contributed to Plaintiff's fall.

Plaintiff's breach of duties proximately caused the plaintiff's injury. The elements outlined above constitute negligence on the part of *Defendant Home Depot*.

## B. PREMISES LIABILITY

At the time of the accident made the basis of these claims, Plaintiff was an invitee because he was on the premises with the *Defendant Home Depot's* knowledge and for the mutual benefit of both Plaintiff and Defendant. At the time of the accident made the basis of these claims, *Defendant Home Depot* was the possessor of the premises where the incident occurred. At the time of the accident made the basis of these claims, a condition on the premises posed an unreasonable risk of harm, and *Defendant Home Depot* knew or should have known of the danger. *Defendant Home Depot* breached its duty of ordinary care by both, failing to adequately warn plaintiff of the condition, and failing to make the condition reasonably safe. Finally, *Defendant Home Depot's* breach proximately caused *Plaintiff's* injuries.

## C. RESPONDEAT SUPERIOR

*Plaintiff* was injured as a result of *Defendant Home Depot's* negligence and premises liability. *Defendant Home Depot* acting by and through its agents, servants, or employees created such negligence and premises liability to invitee. *Defendant Home Depot's* negligent acts were committed while the its agents, servants, or employees were acting within the scope of employment.

## VI. CONTRIBUTORY NEGLIGENCE

Nothing *Plaintiff* did or failed to do contributed to the cause of the incident made the basis of this lawsuit.

## VII. DAMAGES

By the reason of all the foregoing acts and omission, each and all of which constitute negligence, *Plaintiff* has sustained injuries and damages in an amount well above the jurisdictional amount of this Court for which he now sues, including but not limited to the following:

A.  Damages for the reasonable and necessary expenses which *Plaintiff* has incurred up until the time of trial as a result of said incident made basis of this lawsuit;

B.  Damages for reasonable and necessary medical expenses which *Plaintiff* has incurred in the past and will incur in the future as a result of said injuries;

C.  Damages for reasonable and necessary expenses for medication which *Plaintiff* has

|   |   |
|---|---|
| | incurred to date and will incur in the future as a result of said injuries; |
| D. | Damages for the past and present physical pain and suffering that *Plaintiff* has suffered as a result of the accident in question and resulting injuries; |
| E. | Damages for future physical pain and suffering to be suffered by *Plaintiff* as a result of the incident in question and resulting injuries; |
| F. | Damages for past, present and future mental anguish suffered by said *Plaintiff* as a result of the incident made basis of this lawsuit and resulting injuries; and |

*Plaintiff* respectfully reserves the right to amend this petition and to allege specifically and future acts and/omissions as may be developed during the trial of this cause.

## VIII. TOTAL DAMAGES SOUGHT

*Plaintiff* seeks at least $250,000.00 but not more that $450,000.00 from *Defendant Home Depot* as compensation for the injuries and damages that he has suffered and incurred as a result of the *Defendant Home Depot's* negligence.

Furthermore, *Plaintiff* specifically reserves the right to amend and plea for a specific amount in the future as his conditions shall so indicate.

## IX. PRAYER

By reason of the above and foregoing, *Plaintiff* has been damaged in a sum within the jurisdictional limits of this Court.

Wherefore, *Plaintiff* prays that the *Defendant Home Depot* be cited to appear and answer herein; that upon trial of this cause *Plaintiff* recover;

1. Judgment against *Defendant Home Depot* for *Plaintiff's* damages as set forth above, and in an amount within the jurisdictional limit of this Court;
2. Judgment against *Defendant Home Depot* for exemplary punitive damages;
3. Interest in said judgment at the legal rate from the date of judgment;
4. Pre-judgment interest on *Plaintiff's* damages as allowed by law;
5. Cost of Court; and
6. Such other and further relief to which *Plaintiff* may be justly entitled to both in law and in equity.

Respectfully submitted,

JESUS SOTELO & ASSOCIATES, PLLC
ATTORNEY AT LAW
P.O. Box 763
Pharr, Texas 78577
(956) 283-8484 (Telephone)
(956) 283-8811 (FAX)

By: _____
Jesus "Jesse" Sotelo
STATE BAR NO. 18855725
SOUTHERN DISRICT NO. 14234
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, do hereby certify that on the 29th day of June 2005, a true and correct copy of the foregoing instrument has been forwarded to Defendant's attorneys as follows:

**VIA FACSIMILE: (469) 519-2555**
**VIA FIRST CLASS MAIL**
Mr. Arthur K. Smith
LAW OFFICES OF ARTHUR K. SMITH
507 Prestige Circle
Allen, Texas 75002

_____
Jesus "Jesse" Sotelo